# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Cr. ID No. 2201007430
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
WILLIAM J. DOUTY,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀)

Submitted: July 21, 2023
Decided: August 11, 2023

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Jenna R. Milecki, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

William J. Douty, SCI, P.O. Box 500, Georgetown, Delaware, *pro se*.

PARKER, Commissioner

This 11th day of August 2023, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1.      Defendant William J. Douty was arrested and charged with Assault Second Degree.  The charge stemmed from an incident that occurred on January 20, 2022. The incident was caught on surveillance video and there were eyewitnesses.  Douty was seen having an argument with his wife, his wife got out of the vehicle in a mostly empty parking lot, his wife started walking away from the vehicle, Douty sped up and struck her.  Douty then stopped the vehicle, picked her up, put her in the vehicle and drove away.[1]

2.      Douty's wife suffered broken bones to her face and thumb, severe lacerations to her face, and contusion and possible ligament damage to her knee.[2]

3.      This was not the first time Douty attempted to hit someone with his vehicle. Douty had attempted to strike a prior girlfriend with his vehicle and had previously been convicted of reckless endangering second degree as a result of that prior incident.[3]

---

[1] July 15, 2022 Sentencing Transcript, at pg. 4-6, 18-19.
[2] July 15, 2022 Sentencing Transcript, at pg. 5-6.
[3] July 15, 2022 Sentencing Transcript, at pg. 4-5.

4.      On April 14, 2022, in a pre-indictment plea, Douty pled guilty to one count of Assault Second Degree. In the plea agreement, the parties agreed to a presentence investigation and to an "open" sentencing.

5.      On July 15, 2022, Douty was sentenced to eight years at Level V, suspended after 18 months for two years at Level IV, suspended after nine months, followed by one year Level III probation. The court also imposed a number of conditions on Douty's sentence including completion of domestic violence counseling and treatment.

6.      Douty did not file a direct appeal.

7.      On October 7, 2022, Douty filed a motion for sentence modification requesting the Court to modify his Level IV sentence.  In support of his motion, Douty argued that he was remorseful for his actions, as well as rehabilitation, family hardship and employment.[4]

8.      On January 26, 2023, the Court issued an Order denying Douty's Motion for a Modification of Sentence.[5]  In denying the motion for sentence modification, the Court held that the sentence imposed at the time of sentencing was appropriate given the serious nature of Douty's conduct and his failure to take responsibility for his conduct at the time of sentencing.[6]

---

[4] D.I. 8.
[5] D.I. 11.
[6] *Id.*

## DOUTY'S RULE 61 MOTION

9. Douty filed the subject Rule 61 motion on March 6, 2023. In the subject motion, Douty raises three claims for relief. First, he claims his plea was coerced. Second, he claims his counsel was ineffective. Third, he asserts a claim of actual innocence.

10. In this Rule 61 motion, the record was enlarged and Douty's trial counsel was directed to submit an Affidavit responding to his ineffective assistance of counsel claims. Thereafter, the State filed a response to the motion and Douty was permitted to file a reply thereto.[7]

11. Each of Douty's claims will be addressed in turn.

## Claim One: Coerced Plea

12. In Claim One, Douty claims that his plea was coerced due to a conversation with defense counsel that he would lose at trial and did not have a choice but to enter into his plea.

13. A defendant is bound by his answers on the guilty plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[8]

---

[7] Super.Ct.Crim.R. 61(f) and 61(g).
[8] *State v. Harden,* 1998 WL 735879, *5 (Del. Super.); *State v. Stuart,* 2008 WL 4868658, *3 (Del. Super. 2008).

3

14.     In the subject action, the Plea Agreement, Truth-in-Sentencing Form and plea colloquy establish that the plea was not coerced in any way but was freely and voluntarily entered into.[9]

15.     In fact, at the plea colloquy, Douty was specifically asked by the Court: "**Do you feel that you are being bullied into accepting this plea?**" To which Douty responded**: "No, Your Honor."**[10]

16.      Douty further represented that nobody was forcing or threatening him into entering this plea.[11] He confirmed that he was freely and voluntarily entering into his plea, and that he was not being threatened or forced to do so by his lawyer, the State, or anyone else.[12] He represented that he was entering into his plea freely and voluntarily because he was guilty of the offense.[13]

17.     Doughty is bound by his answers on his guilty plea form and at his plea colloquy. The record unequivocally established that Douty entered into his plea freely and voluntarily and was not bullied or coerced to do so by his counsel, by the State, or by anyone else.

---

[9] Truth-in-Sentencing Guilty Plea Form dated April 6, 2022; April 14, 2022 Plea Transcript, at pgs. 12-14.
[10] April 14, 2022 Plea Transcript, at pg. 13.
[11] April 14, 2022 Plea Transcript, at pg. 13.
[12] Truth-in-Sentencing Guilty Plea Form dated April 6, 2022; April 14, 2022 Plea Transcript, at pgs. 12-14.
[13] April 14, 2022 Plea Transcript, at pgs. 14.

4

18. Moreover, it should be emphasized that defense counsel encouraging Douty to take a pre-indictment plea to assault second degree, rather than face an indictment to more serious charges was exactly the counseling that defense counsel should have been doing. Douty could have been facing charges of assault in the first degree or attempted murder, and could have been facing substantially more prison time including substantial minimum-mandatory time.[14] By accepting the plea, Douty was not facing any minimum-mandatory time and was sentenced to only 18 months at Level V, far less prison time then he would have served if he did not accept the plea, the case was indicted, and he was convicted at trial of more serious charges.

19. In this case, the evidence against Douty was overwhelming. The incident was caught on video and there were eyewitnesses. The evidence showed that Douty made no attempt to avoid hitting his wife. They were in an argument and he hit her with his vehicle. Moreover, he had attempted this same conduct previously when he tried to hit a girlfriend with his vehicle on a prior occasion.

20. Defense counsel effectively counseled Douty and assisted him in making a prudent decision based on the pending plea offer, the evidence against him, the possible charges he was facing if he did not accept the pre-indictment plea, and the possible sentence he would be facing if convicted at trial of those charges.

---

[14] See, July 15, 2022 Sentencing Transcript, at pg. 4.

5

21. The record reflects that the Court conducted a thorough plea colloquy to determine that Douty's decision to plead guilty was knowing, intelligent and voluntary. The record unequivocally established that Douty entered into his plea voluntarily and that he was not operating under any misapprehension or mistake as to his legal rights.

22. Douty's claim that his plea was coerced is belied by the record. This claim is without merit.

## Claim Two: Ineffective Assistance of Counsel

23. In Claim Two, Douty claims that his counsel was ineffective for advising him that a letter from a mechanic regarding the mechanical problems he was experiencing with the vehicle would not assist in his defense, and for advising that taking a plea would result in his release.

24. In order to prevail on an ineffective assistance of counsel claim, the defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[15] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires him to show that there

---

[15] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

6

is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[16]

26. In the context of a plea challenge, it is not sufficient for the defendant to simply claim that his counsel was deficient. The defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have insisted on going to trial.[17] The burden of proving ineffective assistance of counsel is on the defendant.[18] Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[19]

26. Turning first to Douty's claim that his counsel was ineffective for advising that a letter from his mechanic as to the problems with his vehicle would not assist in his defense, this claim is without merit. Counsel, did, in fact, submit the mechanic's letter to the Court. Indeed, prior to sentencing, defense counsel provided the Court with a 40-page sentencing packet which included a letter from a mechanic, Jim Evans, detailing the mechanical issues with Douty's vehicle. Counsel

---

[16] *Id.* at 687-88, 694.
[17] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Somerville v. State,* 703 A.2d 629, 631 (Del. 1997); *Premo v. Moore,* 131 S.Ct. 733, 739-744 (2011).
[18] *Oliver v. State,* 2001 WL 1751246 (Del.).
[19] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

7

also included a letter from Douty's wife detailing her account of the incident and relaying that she believed the incident was an accident.[20]

27.     Whatever Defense Counsel's personal opinion was as to the weight that the Court would give the mechanic's letter is irrelevant.  Defense  counsel was not deficient in any regard.  Defense counsel did her job and presented to the Court the information that Douty asked counsel to convey.  Douty cannot establish any deficient performance by defense counsel.  Moreover, he cannot establish any actual prejudice because whatever personal beliefs counsel may have had, the mechanic's letter was provided to the Court.  This claim is without merit.

28.     Turning next to Douty's claim that his counsel was ineffective because counsel advised that by taking the plea he would be released, this claim is wholly unsupported by the record.

29.     In the Truth-in-Sentencing Guilty Plea Form and at the plea colloquy, Douty represented that he freely and voluntarily decided to plead guilty to the charge of assault in the second degree, that he knew it carried a prison sentence of up to 8 years, that nobody made any promises as to what his sentence would be, and that nobody forced or threatened him to enter into the plea.[21]

---

[20] D.I. 21, at pg. 3.
[21] April 14, 2022 Plea Transcript, at pgs. 12-14; Truth-in-Sentencing Guilty Plea Form dated April 6, 2022.

30. Douty represented that nobody had promised him anything that was not stated in his written plea agreement.[22] The plea agreement did not provide that Douty would be released, but expressly stated that the agreement was to "Open Sentencing" and included a request for a presentence investigation prior to sentencing.[23]

31. As confirmed by the plea colloquy, Plea Agreement and Truth-in-Sentencing Guilty Plea Form, Douty entered into his plea knowing that he was facing up to eight years of incarceration and that no one, not defense counsel or the State promised him any specific sentence.

32. Douty is bound by the statements and representations he made at the time of his plea. The record is devoid of any evidence to support Douty's contention that he was promised anything not stated in the written plea agreement.

33. Douty has failed to make any concrete allegations of deficient conduct, let alone, deficient conduct that resulted in actual prejudice. Douty's unsubstantiated ineffective assistance of counsel claims are without merit.

## Claim Three: Actual Innocence

34. Douty asserts a claim of actual innocence. At sentencing, both Douty and his wife contended that the incident was an accident.[24] Douty repeats that contention in his Rule 61 motion and yet again claims that the incident was an accident.

---

[22] Truth-in-Sentencing Guilty Plea Form dated April 6, 2022.
[23] Plea Agreement dated April 6, 2022.
[24] July 15, 2022 Sentencing Transcript, at pgs. 6-8, 16-17.

35. At sentencing, the Court found that Douty and his wife were not being truthful. After watching the video and reading the police reports, the Court concluded that the incident was certainly not an accident. The Court further held: "You hit your wife with that car on purpose and in case the video did not confirm that, there is the fact that you have done this before or at least attempted to do it before with another woman.[25]

36. A claim of actual innocence is not available to a defendant who pled guilty. The defendant must have been convicted after a trial to assert a claim of actual innocence.[26] Here, Douty cannot assert a claim of actual innocence since he pled guilty and waived his right to a jury trial.

37. For the sake of completeness, even if Douty was able to avail himself of a claim of actual innocence, which he is not, the record simply does not support any such claim. To support a claim of actual innocence, a defendant **convicted after a trial** must plead the existence of **new** evidence that creates a strong inference that he is factually innocent of the acts underlying the charges of which he was convicted.[27]

---

[25] July 15, 2022 Sentencing Transcript, at pg. 17-18.
[26] See, *Cadiz v. State,* 2022 WL 3366253, *1 (Del. 2022); *Wonnum v. State,* 2023 WL 329272 (Del.); *Grayson v. State,* 2022 WL 16630776 (Del.); Del.Super.Crim.R. 61(d)(2)- to satisfy pleading requirements a movant must have been convicted after a trial and pleads new evidence of actual factual innocence.
[27] See, Del.Super.Crim.R. 61(d)(2).

38.     In this case, the record does not support any such claim of actual innocence. In this motion, Douty is merely re-raising his claim that he hit his wife by accident. This is the same claim that both Douty and his wife raised at sentencing. In light of the overwhelming factual evidence to the contrary, the Court did not find Douty and his wife's contention to be truthful. Douty raises nothing newly discovered.

39.     The record unequivocally establishes that Douty committed, in fact, the acts underlying the charge for which he was convicted. Douty admitted at sentencing that he was mad and that he hit his wife with his car.[28] The video, and the eyewitness accounts, show that Douty made no attempt to avoid hitting his wife. The overwhelming factual evidence was caught on video and shows that he accelerated directly at his wife as she was walking across the parking lot. Finally, Douty also admitted his guilt to the charge of assault in the second degree during his plea colloquy.[29] Douty is bound by his representations during the plea.

40.     The claim of actual innocence is not available to Douty whose conviction stemmed from a plea rather than a trial. Even if such a claim was available, Douty did not meet his burden to support the existence of any such claim.

---

[28] July 15, 2022 Sentencing Transcript, at pg. 17-19.
[29] April 14, 2022 Plea Transcript, at pgs. 12-13.

11

For all of the foregoing reasons, Douty's Motion for Postconviction Relief should be **DENIED.**

**IT IS SO RECOMMENDED.**

/s/ Lynne M. Parker
Commissioner Lynne M. Parker

cc:     Prothonotary
        Olivia C. Phillips, Esquire